UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONTEZ D. BURKS,

    Plaintiff,

v.

CASE NO. 18-CV-12842
HONORABLE DENISE PAGE HOOD

SHERMAN CAMPBELL,

    Defendant.
_____/

# **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

## **I. INTRODUCTION**

This matter has come before the Court on plaintiff Montez D. Burks' *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan. Defendant Sherman Campbell is the warden at ARF. Plaintiff alleges in his complaint that, on August 30, 2016, he was approved for a religious (Buddhist) diet and sent to the Macomb Correctional Facility ("MRF") where religious diets are available to prisoners. On March 16, 2018, however, he was transferred to his present location at ARF. He subsequently advised the chaplain that he needed a religious diet, which ARF was unable to provide, and he was told that he is on a wait list for a transfer back to MRF. He subsequently pursued administrative remedies, but he was unsuccessful in obtaining a transfer to MRF.

As of the date of Plaintiff's complaint (September 12, 2018), he was still at ARF. He alleges in his complaint that he has lost weight and is weak and depressed. He contends that 90% of the food and drinks served at ARF is derived from animals and that he cannot eat meat, milk, cheese, butter, and food cooked with animal fats. He claims that defendant Sherman's refusal to provide him with religious dietary meals constitutes cruel and unusual punishment under the Eighth Amendment. He seeks a transfer to MRF where he can partake in religious meals and receive the mental health care that he needs.

## II.  LEGAL FRAMEWORK

### A.  Generally

Plaintiff has received permission to proceed without prepaying the fees and costs for this action. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint, or any portion of it, if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint or allegation is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is

subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A §1983 plaintiff must prove two elements: "(1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

### B. Eighth Amendment Claims

It is well "settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The Eighth Amendment requires prison

officials to provide humane conditions of confinement, and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Id*. But a prison official violates the Eighth Amendment only when (1) the deprivation alleged is sufficiently serious and (2) the prison official has a sufficiently culpable state of mind. *Id*. at 834. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." *Id*.

### III. ANALYSIS

The deliberate withholding of sufficient food necessary for a prisoner to maintain normal health can violate the Eighth Amendment. *Cunningham v. Jones*, 567 F.2d 653, 656, 660 (6th Cir. 1977). But Plaintiff has not alleged that prison officials deliberately withheld essential food from him, and "'the mere denial of a requested [religious] diet is insufficient to establish a cognizable Eighth Amendment claim.'" *Watkins v. Rogers*, 525 F. App'x 756, 759 (10th Cir. 2013) (quoting *LaFevers v. Saffle,* 936 F.2d 1117, 1120 (10th Cir. 1991) (alteration in *Watkins*)). An Eighth Amendment claim that a plaintiff was denied a requested religious diet fails if a plaintiff cannot establish that the failure to provide a specific religious diet deprived plaintiff of an essential necessity, such as food. *See Berryman v. Granholm,* 343 F. App'x 1, 5 (6th Cir. Aug. 12, 2009). A denial of a religious diet cannot be grounds for an Eighth Amendment claim. *Houston v. Riley,* Case No. 2:07-cv-63, 2009 WL 596499 at *6 (W.D. Mich. Mar. 6, 2009). Plaintiff fails to

4

satisfy the first component of an Eighth Amendment claim, namely, that the deprivation of a religious diet is sufficiently serious.

Exhibits to the complaint indicate that prison officials did not have a sufficiently culpable state of mind when they failed to transfer Plaintiff back to MRF for religious purposes. The official who responded to Plaintiff's grievance at step one of the administrative process stated that Plaintiff was transferred to ARF for mandatory programming and for medical or mental health needs that took priority over his request for a religious diet. *See* Compl., ECF No. 1, Ex. 1, PageID.7. The official went on to say that if a transfer became possible, Plaintiff should be moved to one of the sixteen correctional facilities where his religious dietary needs could be met. *Id.* At step two of the grievance procedure, a deputy warden explained that Plaintiff was transferred to ARF because there were no beds available at MRF and that Plaintiff had been placed on a waiting list for a transfer to MRF when beds became available. Compl., ECF No. 1, Ex. B, PageID. 9.

The Court concludes from the responses to Plaintiff's administrative grievance that prison officials did not have a culpable state of mind and were not deliberately indifferent to Plaintiff's health when they denied his request for meals compatible with his religion. Plaintiff has not satisfied the second component of an Eighth Amendment claim.

## IV.  CONCLUSION

Plaintiff's allegations are frivolous because they lack an arguable basis in law. His allegations also fail to state a plausible claim for which relief may be granted. Accordingly, the Court summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  The Court also certifies that an appeal from this decision would be frivolous and could not be taken in good faith.


                              S/Denise Page Hood
                              Denise Page Hood
                              Chief Judge, United States District Court

Dated:  December 11, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 11, 2018, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager